**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| James Allison, | : | Case No. 1:06CV1660 |
| | : | |
| Petitioner | : | |
| | : | Judge Patricia A. Gaughan |
| v. | : | |
| | : | Magistrate Judge David S. Perelman |
| Michele Eberlin, Warden | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the

constitutionality of his July 26, 2004 convictions pursuant to a plea of no contest and a subsequent

finding of guilt, upon one count of trafficking in cocaine, with a major drug offender specification,

and one count of possession of cocaine with the same specification, which were merged for

purposes of sentencing, upon which he was sentenced to ten years incarceration.

The facts in petitioner's case were summarized by the state appellate court in pertinent part

as follows:

> On April 5, 2004, Special Agent Harry Tideswell learned, from a
> cooperating defendant, that a delivery of approximately two
> kilograms of powder cocaine was scheduled to arrive in Canton, at

1

8:00 a.m., on April 6, 2004.  The courier wold be traveling on a Greyhound bus from Columbus to Canton.

Special Agent Tideswell listened to at least one recorded conversation between the cooperating defendant and appellant in which they discussed status updates of appellant's trip from Los Angeles, California to Canton, Ohio, and appellant's estimated arrival time in Canton.  The calls between the cooperating defendant and appellant were made on a Nextel direct connect walkie-talkie.  The cooperating defendant also provided Special Agent Tideswell with a description of appellant.  He described appellant as a "lighter skinned black male, rather thin, secrets the cocaine on his body in big baggy pants."  Tr. Suppression Hrng. at 41.

Special Agent Tideswell, the cooperating defendant, FBI special agents and police officers stationed themselves at the Greyhound bus station, in Canton, in a large van with blacked-out windows.  At approximately 7:56 a.m., the Greyhound bus arrived at the station.  Three persons exited the bus: an elderly female, appellant and a female companion.  Appellant and his female companion entered the bus station to inquire about lost luggage.  The cooperating defendant identified appellant as the drug courier.

Thereafter, Special Agent Tideswell approached appellant and his female companion.  Special Agent Tideswell identified himself as a drug administration employee and told appellant that he was not under arrest, was free to leave, but that he would like to ask him a few questions.  Appellant cooperated with Special Agent Tideswell's request and informed him that he was visiting two people in Canton.  Special Agent Tideswell asked appellant if he could pat him down for drugs, weapons, contraband or large sums of money.  Appellant consented to the pat-down search and raised his arms.  During the pat down of appellant's person, Special Agent Tideswell found two large orbs at each of appellant's hips.  Special Agent Tideswell knew, from his training and experience, that what he felt was consistent with quantities of cocaine.

Special Agent Tideswell arrested appellant.  After appellant was informed of his *Miranda* rights, appellant told Special Agent Tideswell that he was from Los Angeles, California, that he was a former UPS employee, that this was the first time he acted as a drug courier and that his female companion did not know the purpose of the trip to Canton.  Thereafter, appellant invoked his *Miranda* rights

and the questioning stopped.  The Stark County Crime Laboratory tested each orb removed from appellant's hips.  The testing confirmed that each one contained over 937 grams of cocaine.

On May 21, 2004, the Stark County Grand Jury indicted appellant for possession of cocaine and trafficking in cocaine.  Both counts contained a major drug specification.  Appellant entered a plea of not guilty.  On July 9, 2004, appellant filed a motion to suppress all statements made by him and all evidence seized without probable cause.  The trial court conducted a hearing, on appellant's motion, on July 26, 2004.  At the conclusion of the hearing, the trial court denied appellant's motion to suppress finding "***there was a reasonable basis, reasonable suspicion to stop this Defendant, he was stopped based on the pat down and the contraband was seized, that there was no violation of his Miranda Rights with regard to statements."  Tr. Suppression Hrng. at 58.

Subsequently, appellant withdrew his plea of not guilty and entered a plea of no contest.  The trial court merged the two counts and sentenced appellant to the minimum prison term of ten years.

Petitioner, who was represented by new counsel, appealed his conviction to the Ohio Fifth

District Court of Appeals, alleging the following sole assignment of error:

> 1.  The trial court erred in overruling Appellant's motion to suppress thereby violating Appellant's constitutional right to be free from unreasonable searches and seizures.

On February 28, 2005 the appellate court affirmed the judgment of the trial court.

Petitioner, acting *pro se*, appealed the state appellate court ruling to the Ohio Supreme

Court, alleging the proposition of law that he had raised below.  On July 13, 2005 that court denied

petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional

question.

On July 11, 2006 the petitioner filed the instant petition, in which he raises as the sole claim

for relief:

> **A.   GROUND ONE:** The  trial  court  erred  in  overruling

3

> Petitioner's motion to suppress, thereby violating Petitioner's constitutional right to be free from unreasonable searches and seizures.
>
> **Supporting FACTS:** A) Petitioner's due process rights were violated under the Fourth and Fourteenth Amendments because the stop of the Petitioner was a seizure and was made without the requisite suspicion or probable cause. Police corroboration of informant's tip was insufficient to give rise to reasonable suspicion to justify investigatory stop.
>
> B) There was no corroboration done by independent police work that was sufficient enough to give reasonable suspicion or raise probable cause to stop and arrest the Petitioner.
>
> C) The stop of Mr. Allison was an unjustified Terry stop as well as a violation in the pat down according to *Terry v. Ohio*, 392 U.S. 1 (1968).

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[1]

The respondent argues that the instant petition should be dismissed as petitioner's claims of Fourth Amendment violations were fully and fairly litigated in the state courts.

Full and fair litigation by the state courts of a Fourth Amendment claim based on alleged unconstitutional search and seizure precludes federal habeas corpus review of that claim. Kuhlmann v. Wilson, 477 U.S. 436 (1986); Stone v. Powell, 428 U.S. 465, 494 (1976). See also, Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000), cert. denied, 531 U.S. 1089 (2001) ("Petitioner's Fourth Amendment claim is not reviewable."); McQueen v. Scroggy, 99 F.3d 1302,

---

[1]There are no issues of untimeliness or procedural default in this case.

1332 (6th Cir. 1996), cert. denied, 117 S.Ct. 2422 (1997) ("[I]t is well settled that McQueen is precluded from presenting a Fourth Amendment claim . . . in a habeas action."); Marsack v. Howes, 300 F.Supp.2d 483, 493 (E.Dist.Mich. 2004) ("[T]he limitation on review of Fourth Amendment claims imposed by the Supreme Court in *Stone v. Powell*,...precludes relief on the basis of that Amendment."); Pitts v. Wilson, unreported, Case No. 5:03CV0998, 2003 U.S.Dist. LEXIS 26461 (N.D.Ohio 2003) (Mag.Judge Perelman), Adopted by, Writ of habeas corpus dismissed, 2005 U.S.Dist. LEXIS 9431 (N.D.Ohio 2005) (Judge Adams).

In order for a Fourth Amendment claim of this sort to be fully and fairly litigated, there must be a state procedural mechanism which provides the opportunity to raise the claim, and the actual presentation of the claim must not be impeded by a failure of such procedural mechanism. Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982), cert. denied, 459 U.S. 948 (1982).

 It has been held that the State of Ohio provides an adequate state procedural mechanism to raise a Fourth Amendment claim in Rule 12 of the Ohio Rules of Criminal Procedure, which provides for a pretrial motion to suppress, and then by providing the opportunity of a direct appeal of the ruling on motion to suppress.  Riley v. Gray, supra at 526.

Petitioner made full use of the state procedural mechanisms available to raise his claims of violation of his Fourth Amendment rights, as was illustrated in the state appellate court summary of the facts and procedural background of this case quoted previously herein, and there is no evidence that presentation of his claims was impeded by the failure of such mechanism. Consequently, petitioner's sole claim for relief is without merit.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

                                                s/DAVID S. PERELMAN
                                                United States Magistrate Judge


DATE:    March 19, 2007



## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).