UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **James Allison,** | ) | **CASE NO. 1:06 CV 1660** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Michele Eberlin, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 13) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, James Allision, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner has filed objections to

1

the Report and Recommendation.[1]

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was found guilty of drug offenses.  He raised one ground for relief in his habeas Petition, asserting that the trial court erred in overruling his motion to suppress.  However, full and fair litigation by the state courts of a Fourth Amendment claim based on an alleged unconstitutional search and seizure precludes federal habeas corpus review of that claim.  *Machacek v. Hofbauer,* 213 F.3d 947 (6th Cir. 2000).  In accordance with the fully and fairly litigated doctrine, Ohio provides an adequate state mechanism to raise a Fourth Amendment claim by its rules governing the filing of a pretrial motion to suppress, and then providing the opportunity of a direct appeal of the ruling on the motion to suppress.  *Riley v. Gray,* 674 F.2d 522 (6th Cir. 1982).  This Court agrees with the Magistrate Judge that petitioner made full use of the state procedural mechanisms available to raise his Fourth Amendment claim as evidenced by the state appellate court's summary of the facts and procedural background of this case.

Thus, petitioner's claim for relief lacks merit.

**Conclusion**

---

[1] Petitioner did not originally file an objection.  Upon motion for reconsideration, this Court permitted the filing of this objection in that petitioner asserted that he never received a copy of the Report and Recommendation.

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court

3

was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
                                     United States District Judge

Dated: 5/24/07